# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# CORPUS CHRISTI DIVISION

Richard Lewis Hunter, II,

Plaintiff,

Clerk, U.S. District Court
Southern District of Texas
FILED

AUG 1 1 2014

David J. Bradley, Clerk of Court

Vs.

Texas Energy Services, LP,

Defendant

Civil Action Number

2:14-CV-142

---

## PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO DISMISS

---

Plaintiff, Richard Lewis Hunter, II, has filed a complaint with this Court seeking relief

Under Title VII of the Civil Rights Act Of 1964, as amended, and Title 1 of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Richard Lewis Hunter, II, who was adversely affected by such practices. The unlawful employment practice included, but are not limited to, employment discrimination, retaliation,( Harassment) which caused personal injury to the body and mentally distress based on race.

Under Federal Rule 12(b)(6), the Court must deny the Defendants' motion to dismiss unless the Defendants demonstrate "beyond doubt that the Plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." In making this determination, the Court must also "accept the factual allegations in the Plaintiff's complaint and must construe those facts in the light most favorable to the Plaintiff.

As demonstrated below, the Defendants' motion cannot survive the application of these standards.

## STATEMENT OF THE CASE

The Plaintiff, Richard Lewis Hunter, II was severely injured on the job while employed with the defendant. Plaintiff , left work and immediately called his supervisor and reported the claim by phone. A claim was presented to the worker's compensation carrier Texas Mutual. The defendant, advised the claims handler that the Plaintiff never reported an incident of injury. Therefore, the Texas Mutual denied Plaintiff's workers compensation benefits.

Plaintiff, was left without any funding or income since the date of his injury in August 2013. Plaintiff relied on the financial support of family and friends to pay his living expenses.

When Plaintiff filed the complaint in the Western District Court of San Antonio, Texas, he was literally without no source of income. Until ten months after his on the job injury when he received a ruling from the workers compensation board and he was awarded TTD and medical benefits.

Plaintiff, explained to the court clerk in San Antonio, Texas that he was without funding and she presented him with the form to waive court fees and instructed him how to complete same. Actually, the court clerk completed the form for the Plaintiff and simply asked the Plaintiff to sign the form.

The court's accepted the forms and permitted the plaintiff to proceed by waiving the court fees. Plaintiff relied on the execution of the document by the court clerk. At no time was it the intent of the Plaintiff to mislead the courts. Plaintiff was literally without any income for ten months.

Plaintiff, Richard Lewis Hunter, II , has subsequently paid the court fees of $400.00 after his workers' compensation claim was approved and he begin to receive TTD benefits.

# ARGUMENT

Defendant state that the Plaintiff has failed to State a Claim Upon Which Relief can be granted.

The Plaintiff filed his complaint seeking relief as follow:

This action is brought pursuant to Title VII of the Civil Rights Act Of 1964, as amended, and Title 1 of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Richard Lewis Hunter, II, who was adversely affected by such practices. The unlawful employment practice included, but are not limited to, employment discrimination, harassment, and retaliation, which caused personal injury to the body and mentally distress based on race, color, and national origin.

Although, the plaintiff did not state in his original EEOC filing the charge of Harassment, color and national origin. Plaintiff did state a charge of Race and Retaliation, of which was accompanied by Harassment of the defendant.

**LEGAL PRINCIPLES FOR REVIEW OF A MOTION TO DISMISS FOR**

**FAILURE TO STATE A CLAIM.**

A motion to dismiss a complaint for failure to state a claim tests the legal sufficiency of the complaint; all facts pleaded and all reasonable inferences from those facts are admitted as true, but only for the purpose of testing the legal sufficiency of a claim, not for trial. Scott v. Savers Property and Cas. Ins. Co., 663 N.W.2d 715, 262 Wis.2d 127 (2003). "A complaint will be dismissed only if it appears certain that no relief can be granted under any set of facts that the plaintiffs might prove in support of their allegations." Id. "When standing is challenged on the basis of the pleadings, [courts] accept as true all material allegations of the complaint, and . . . construe the complaint in favor of the complaining party." Town of Eagle v. Christensen, 191 Wis. 2d 301, 316, 529 N.W.2d 245 (Ct. App. 1995).

## CONCLUSION

For all of the foregoing reasons, the Court should deny the Defendants' motion to dismiss the complaint.

**Respectfully submitted,**

Richard Lewis Hunter, II

Pro Se

6202 Roxbury Drive, Apt. 3304

San Antonio, Texas 78248

## **CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to Federal Rule Of Civil Procedure, on the ___9th day of August , 2014 to the following counsel of record:

**Attorney Michael Holland**

**North Frost Center**

**1250 N.E. Loop 410, Ste. 808**

**San Antonio, Texas 78209**

Richard Lewis Hunter, II

Richard Lewis Hunter, II
6202 Roxbury Drive, Apt. 3304
San Antonio, Texas 78248

US District Court
1133 N Shoreline Blvd #208,
Corpus Christi, TX 78401

Attn: Court Clerk Office

# EXTREMELY URGENT

Please Rush To Addressee
PLEASE PRESS FIRMLY

## Express Mail
UNITED STATES POSTAL SERVICE

### EXTREMELY URGENT
Please Rush To Addressee

**Flat Rate Envelope**

Visit us at usps.com

**PLEASE NOTE:**
When used internationally affix customs declarations (PS Form 2976, or 2976A).

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Express Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13L © U.S. Postal Service; January 2011; All rights reserved.

Schedule package pickup right from your home or office at usps.com/pickup
Print postage online

PLEASE PRESS

U.S. POSTAGE PAID
FRANKLIN, TN
37064
AUG 09, 14
AMOUNT
$19.99
00106433-08

1007

---

**PRIORITY MAIL EXPRESS™**
UNITED STATES POSTAL SERVICE®

EK475850625US

FROM: (please print) PHONE ( )
Richard Fritz
6202 Roxbury Dr # 3304
San Antonio, TX 78240

TO: (please print) PHONE ( )
US District Court
1133 N. Shoreline Blvd
#200 Christi, TX 78401
Corpus Christi, TX 78401

- 1-Day
- 2-Day
- Military
- DPO

PO ZIP Code: 77401
Scheduled Delivery Date: 8-14-14
Postage: $19.99

Date Accepted: 8-9-14
Scheduled Delivery Time: 3:00 PM
COD Fee: 
Insurance Fee:

Time Accepted: 1:45 AM/PM
10:30 AM Delivery Fee:
Return Receipt Fee:
Live Animal Transportation Fee:

Flat Rate / Weight: lbs. oz.
Sunday/Holiday Premium Fee:
Total Postage & Fees: $19.99

Acceptance Employee Initials: DW
Delivery Attempt (MM/DD/YY) Time: AM/PM
Employee Signature:

Delivery Attempt (MM/DD/YY) Time: AM/PM
Employee Signature:

LABEL 11-B, JANUARY 2014    PSN 7690-02-000-9996    9-ADDRESSEE COPY







**UNITED STATES POSTAL SERVICE®**

* For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
* $100.00 Insurance Included.

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

Please Recycle

PS10001000059